IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MARVIN ONEAL SONGLIN,**

    Petitioner,

v.                                                        Civil Action No. **3:19CV895**

**JEFFREY CRAWFORD,**

    Respondent.

**MEMORANDUM OPINION**

Marvin Oneal Songlin, a federal detainee, filed this 28 U.S.C. § 2241 Petition. Songlin is currently detained awaiting deportation. The matter is before the Court on Songlin's Motion for Reconsideration. For the reasons set forth below, the Motion for Reconsideration (ECF No. 20) will be DENIED.

**I. Procedural History**

In his § 2241 Petition, Songlin asserted that he was entitled to relief upon the following grounds:[1]

| | |
|---|---|
| Claim One: | Songlin failed to receive a valid Notice To Appear ("NTA") for immigration proceedings because Songlin's NTA incorrectly stated Songlin was sentenced on February 14, 2017. (ECF No. 1-1, at 2 (citing *Pereira v. Sessions*, 138 S. Ct. 2105 (2018))). |
| Claim Two: | Songlin's "continued mandatory detention . . . without a bond hearing during [his] protracted removal proceedings," (ECF No. 1, at 6), violates his "due process right[s]." (ECF No. 1-1, at 1 (citing *Demore v. Kim*, 538 U.S. 510, 527 (2003))). |

By Memorandum Opinion and Order entered on September 2, 2020, the Court dismissed Claim One, granted Songlin habeas relief with respect to Claim Two, and dismissed the action. *Songlin v. Crawford*, No. 3:19CV895, 2020 WL 5240580, at *8 (E.D. Va. Sept. 2, 2020). Specifically, the Court ordered that, within thirty days of the date of entry thereof, Respondent

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization in the quotations to the parties' submissions.

provide Songlin "an individualized bond hearing before an Immigration Judge where 'the burden of proof is on [Songlin] to demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." *Id.* (internal quotation marks omitted) (citation omitted). On September 23, 2020, Songlin was provided a bond hearing before an immigration judge and apparently was denied bond. (ECF No. 20, at 1.)

On October 5, 2020, over thirty days after the entry of the September 2, 2020 judgment, Songlin mailed his Motion for Reconsideration to this Court. (ECF No. 20, at 9.)[2] Accordingly, the Court will consider the motion as one seeking relief under Federal Rule of Civil Procedure 60(b). *See MLCAuto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))); *In re Burnley*, 988 F.2d 1, 2–3 (4th Cir. 1992) (concluding post-judgment motion filed outside the period for filing a Rule 59(e) should be considered a Rule 60(b) Motion).

## II. Analysis

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "timeliness, a meritorious [claim or] defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or

---

[2] The Court deems the Motion for Reconsideration filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (citing *Werner*, 731 F.2d at 207). Furthermore, a litigant cannot use Rule 60(b) simply to request "reconsideration of legal issues already addressed in an earlier ruling." *CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 401 (4th Cir. 1995) (citing *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982)).

In his Motion for Reconsideration, Songlin contends that the Court should grant him another bond hearing with a different standard for assessing his suitability for release or grant him release. (ECF No. 20, at 8.) Songlin fails to demonstrate that he has a meritorious claim or that exceptional circumstances warrant consideration of his Rule 60(b) Motion. *Dowell*, 993 F.2d at, 48. Further, as noted above, a party cannot utilize Rule 60(b) to request "reconsideration of legal issues already addressed in an earlier ruling." *CNF Constructors, Inc.*, 57 F.3d at 401 (citing *Williams*, 674 F.2d at 313; *Lee X v. Casey*, 771 F. Supp. 725, 728 (E.D. Va. 1991) ("A Rule 60(b) motion is not authorized when it is nothing more than a request for the district court to change its mind." (citing *Williams*, 674 F.2d at 313)). Lastly, to the extent that relief is sought under Rule 60(b)(1) for a mistake of law, Songlin fails to demonstrate that the Court made any such mistake. *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987) (explaining that relief is available for an "obvious error of law, apparent on the record," such as a decision that "conflicts with a clear statutory mandate" or "involves a fundamental misconception of the law" (citations omitted)). Accordingly, Songlin's Motion for Reconsideration (ECF No. 20) will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

/s/
John A. Gibney, Jr.
United States District Judge

Date: 30 October 2020
Richmond, Virginia